# United States District Court
## for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Kito Luckett       Case Number: A00-171 CR (JWS)

Sentencing Judicial Officer:     John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:     June 1, 2001

Original Offense:     Distribution of a Controlled Substance

Original Sentence:     57 months jail, three years supervised release

Date Supervision Commenced:     September 30, 2004

Asst. U.S. Attorney: Stephan Collins     Defense Attorney: Bruce Brown

### PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that in that on February 10, 2006, the defendant plead no contest to 3rd Degree Assault in state court, case 3AN-05-4669 CR for assaulting his pregnant girlfriend. This violation is a Grade A violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on January 5, 2006, the defendant supplied a urine sample that tested positive for marijuana/THC. The defendant admitted consuming the drug due to stress. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

*Travis Lyons*
Travis Lyons
U.S. Probation/Pretrial Services Officer
Date: February 13, 2006

Approved by:

*Eric D. Odegard*
Eric D. Odegard
Supervising U.S. Probation Officer


THE COURT ORDERS

[X]    *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ]    The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    Other:

*Petition for Warrant or Summons*
*Name of Offender* :
*Case Number* :

*[signature]*

John W. Sedwick
Chief U.S. District Court Judge

2-15-06

Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
### for the
# DISTRICT OF ALASKA

RECEIVED
FEB 14 2006
CHAMBERS, U S. DISTRICT JUDGE
JOHN W SEDWICK

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> vs. ) <br> ) <br> Kito Luckett ) | Case Number: A00-171 CR (JWS) <br><br> DECLARATION IN SUPPORT OF PETITION |

I, Travis Lyons, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Kito Luckett, and in that capacity declare as follows:

On June 1, 2001, the above named defendant was convicted of Distribution of a Controlled Substance and was sentenced to 57 months incarceration, three years supervised release, and a $100 special assessment. Also imposed were the 13 standard conditions and three special conditions (drug testing and treatment, warrantless searches, and not to possess a firearm or destructive device).

On May 25, 2005, the undersigned received a telephone call from an Anchorage Police Officer stating that the defendant was arrested for assaulting his girlfriend (report 05-22511).

On May 26, 2005, the undersigned interviewed Sherry Kelly, the defendant's girlfriend and victim of his assault. She confirmed information contained in the police report and there were obvious marks/bruises on both sides of her neck.

On February 10, 2006, the defendant plead guilty to 3rd Degree Assault in violation of A.S. 11.41.220(a)(1)(B) and was sentenced to nine months in jail, $100 special assessment, and a $200 fine. The defendant was remanded at that time and is currently in state custody.

The defendant also submitted to a urine test on January 5, 2006. This test was positive for THC (marijuana). The defendant admitted to consuming marijuana due to stress regarding his upcoming state trial.

Executed this 13th day of February, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

*[signature]*
Travis Lyons
U.S. Probation Officer
District of Alaska